IN THE UNITED STATES BANKRUPTCY COURT FOR
THE NORTHERN DISTRICT OF MISSISSIPPI

IN THE MATTER OF:　　　　　　　　　　　　　　　CHAPTER 13 CASE NO.:

CLAYTON CAMPBELL and　　　　　　　　　　　　　19-10714-JDW
DEIDRA CAMPBELL

## OBJECTION TO CONFIRMATION

COMES NOW Locke D. Barkley, Chapter 13 Trustee, by and through counsel, and files this Objection to Confirmation (the "Objection") and in support states as follows:

1. The Debtor[1] initiated this proceeding with the filing of a voluntary petition for relief on February 19, 2019. The amended Chapter 13 plan (Dkt. #23) (the "Plan") was filed on April 9, 2019.

2. The Debtor is below median income and has proposed a plan term of 60 months with no distribution to nonpriority unsecured creditors.

3. Although the Debtor commenced payments to the Trustee, only a single partial payment has been remitted. Payments are delinquent in the amount of $3,386.00 through April 2019. Payments continue to accrue monthly at the rate of $2,518.00 thereafter.

4. In Section 3.1(a) of the Plan the Debtor proposes to commence the continuing mortgage payment to Vanderbilt Mortgage with May 2019. Due to the delinquency in plan payments, the Plan will not be sufficiently funded to allow for disbursement of all required payments to Vanderbilt Mortgage and the other creditors at confirmation.

5. According to Schedule I (Dkt. #1), Debtor1 is self-employed with a net income of $1,938.13. Debtor1 did not file the "statement for each property and business

---

[1] The above-referenced Debtor or Debtors shall be referred to herein in the singular as Debtor unless specified otherwise (e.g. Debtor1 or Debtor2).

1

showing gross receipts, ordinary and necessary expenses business expenses, and the total monthly net income" as required by Line 8a. Debtor1 failed to fully schedule all income as required by §521(a)(1)(B)(ii); therefore, the requirement of §1325(a)(1) is not met.

6. In Section 4.5 of the Plan the Debtor correctly proposes to commence post-petition payments for the domestic support obligation with March 2019. However, due to the delinquency in plan payments, the Trustee will be unable to disburse all amounts due under the obligation that first became payable after the petition date. The requirement of §1325(a)(8) will not be met.

7. The Trustee requests that confirmation of the Plan be denied. Should the Debtor be delinquent in plan payments at the time of the hearing on this Objection, the Trustee also requests that the bankruptcy case be dismissed.

WHEREFORE, PREMISES CONSIDERED, Locke D. Barkley, Chapter 13 Trustee, prays that upon notice and hearing that this Court enter its order sustaining the Trustee's Objection and for such other relief to which the Trustee and this bankruptcy estate may be entitled.

Dated: May 8, 2019

> Respectfully submitted,
> LOCKE D. BARKLEY, TRUSTEE
>
> BY: /s/ W. Jeffrey Collier
> W. JEFFREY COLLIER, ESQ.
> Attorney for Trustee
> 6360 I-55 North, Suite 140
> Jackson, Mississippi 39211
> (601) 355-6661
> ssmith@barkley13.com
> MSB No. 10645

## **CERTIFICATE OF SERVICE**

      I, the undersigned attorney for the Trustee, do hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and I hereby certify that I either mailed by United States Postal Service, first class, postage prepaid, or electronically notified through the CM/ECF system, a copy of the above and foregoing to the Debtor, attorney for the Debtor, the United States Trustee, and other parties in interest, if any, as identified below.

Vanderbilt Mortgage
Attn: Bankruptcy Unit
Post Office Box 9800
Maryville, TN 37802

Dated: May 8, 2019

                                      /s/ W. Jeffrey Collier
                                      W. JEFFREY COLLIER