## IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE NORTHERN DISTRICT OF MISSISSIPPI

IN THE MATTER OF:                              CHAPTER 13 CASE NO.:

CLAYTON CAMPBELL and                           19-10714-JDW
DEIDRA CAMPBELL

## AMENDED OBJECTION TO CONFIRMATION

This filing amends the Objection to Confirmation (Dkt. #28) filed by the Trustee on May 8, 2019. Amendments are shown below in *italics*.

COMES NOW Locke D. Barkley, Chapter 13 Trustee, by and through counsel, and files this Objection to Confirmation (the "Objection") and in support states as follows:

1.      The Debtor[1] initiated this proceeding with the filing of a voluntary petition for relief on February 19, 2019. The amended Chapter 13 plan (Dkt. #23) (the "Plan") was filed on April 9, 2019.

2.      The Debtor is below median income and has proposed a plan term of 60 months with no distribution to nonpriority unsecured creditors.

3.      Although the Debtor commenced payments to the Trustee, only a single partial payment has been remitted. Payments are delinquent in the amount of $5,904.00 through May 2019. Payments continue to accrue monthly at the rate of $2,518.00 thereafter.

4.      In Section 3.1(a) of the Plan the Debtor proposes to commence the continuing mortgage payment to Vanderbilt Mortgage with May 2019. Due to the delinquency in plan payments, the Plan will not be sufficiently funded to allow for disbursement of all required payments to Vanderbilt Mortgage and the other creditors at confirmation.

---

[1] The above-referenced Debtor or Debtors shall be referred to herein in the singular as Debtor unless specified otherwise (e.g. Debtor1 or Debtor2).

1

5.    According to Schedule I (Dkt. #1), Debtor1 is self-employed with a net income of $1,938.13.  Debtor1 did not file the "statement for each property and business showing gross receipts, ordinary and necessary expenses business expenses, and the total monthly net income" as required by Line 8a.  Debtor1 failed to fully schedule all income as required by §521(a)(1)(B)(ii); therefore, the requirement of §1325(a)(1) is not met.

6.    In Section 4.5 of the Plan the Debtor correctly proposes to commence post-petition payments for the domestic support obligation with March 2019.  However, due to the delinquency in plan payments, the Trustee will be unable to disburse all amounts due under the obligation that first became payable after the petition date.  The requirement of §1325(a)(8) will not be met.

7.    *The Plan does not contain a provision for the claim of JPMorgan Chase Bank, N.A. (Clm. #14) secured by a 2011 Nissan Maxima.  When questioned at the 341(a) Meeting of Creditors, the 2011 Nissan Maxima was not mentioned as a vehicle driven by either Debtor.  Additionally, there are five (5) other vehicles being retained and paid for in the Plan.  Upon information and belief, the 2011 Nissan Maxima is not reasonably necessary for the maintenance of the Debtor or the Debtor's household.*

8.    The Trustee requests that confirmation of the Plan be denied.  Should the Debtor be delinquent in plan payments at the time of the hearing on this Objection, the Trustee also requests that the bankruptcy case be dismissed.

WHEREFORE, PREMISES CONSIDERED, Locke D. Barkley, Chapter 13 Trustee, prays that upon notice and hearing that this Court enter its order sustaining the Trustee's Objection and for such other relief to which the Trustee and this bankruptcy estate may be entitled.

Dated: May 24, 2019

                          Respectfully submitted,
                          LOCKE D. BARKLEY, TRUSTEE

                          BY:  /s/ W. Jeffrey Collier
                          W. JEFFREY COLLIER, ESQ.
                          Attorney for Trustee
                          6360 I-55 North, Suite 140
                          Jackson, Mississippi 39211
                          (601) 355-6661
                          ssmith@barkley13.com
                          MSB No. 10645

## **CERTIFICATE OF SERVICE**

      I, the undersigned attorney for the Trustee, do hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and I hereby certify that I either mailed by United States Postal Service, first class, postage prepaid, or electronically notified through the CM/ECF system, a copy of the above and foregoing to the Debtor, attorney for the Debtor, the United States Trustee, and other parties in interest, if any, as identified below.

    Vanderbilt Mortgage
    Attn: Bankruptcy Unit
    Post Office Box 9800
    Maryville, TN 37802

    *Chase Auto Finance*
    *National Bankruptcy Dept.*
    *Post Office Box 2950-AZ1-1191*

Dated: May 24, 2019

                          /s/ W. Jeffrey Collier
                          W. JEFFREY COLLIER